FILED06 AUG '26 15:20USDC-ORP

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON PORTLAND DIVISION**

JEROME ADRIAN DAVID, Plaintiff,

[OKLAHOMA OFFICIAL 1], and OKLAHOMA OFFICIAL 2, in their individual and official capacity];

[OKLAHOMA OFFICIAL 3, in their individual and official capacities;

DEFENDANT 4 APRIL (LNU), a Program Manager for the Behavioral Health Resource Center located at 333 SW Park in Portland, Oregon being sued in Her individual and official capacity;

DEFENDANT 5 Maranda Grimald the Senior Director for the Behavioral Health Resource Center (BHRC) located at 333 SW Park in Portland, Oregon 97205 is being sued in Her individual and official capacity;

DEFENANT 6 Leon Scott the Director for Urban Alchemy Oasis Day Center located at NW 6th and Glisan in Portland, Oregon

Defendant 6 Bob Kennedy, the Supervisor for the Urban Alchemy Oasis Day Center located at NW 6th and NW Glisan in Portland, Oregon

[PORTLAND ACTOR 7, in their individual capacity];
[PORTLAND ACTOR 8, in their individual capacity]; and
JOHN and JANE DOES 8-18, Defendants.

Case No. _3:26- CV-1647- JR_____

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.This is a civil rights action brought pursuant to 42 U.S.C. 5 1983 for declaratory, injunctive, and monetary relief to redress the deprivation of rights secured to me/Plaintiff under the First and Fourteenth Amendment to the United States Constitution, alleging that state/local officials retaliated against me/Plaintiff for exercising protected First Amendment rights.

2.Defendants engaged in adverse actions against me/Plaintiff in response to me filing protected administrative grievances and maintaining active, pending civil rights litigation.

While incarcerated in Oklahoma Plaintiff, Jerome A. David engaged in protected constitutionally protected activity by filing lawsuits and administrative grievances to seek redress for unlawful conditions of confinement. In response, Defendants, acting under color of state law, initiated a campaign of retaliation against Plaintiff.

3.This unlawful retaliation did not cease upon my/Plaintiff's release from custody. Instead, the retaliatory campaign followed me/Plaintiff to Portland, Oregon, where the original state actors and new local actors have conspired and acted in concert to continue punishing me with death threats, denial of opportunities to plan and proceed a career for a future and to live a peaceful and normal life, denial of resources to prevent me from growth and development out of poor and homeless conditions, for exercising my fundamental right of access to the courts. Plaintiff seeks damages and injunction to halt this ongoing and irreparable harm.

## II. JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

5. This court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and its inherent equitable powers.

6. Venue is proper in the District of Oregon under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, the ongoing harm is occurring in this district, and Plaintiff resides in this district.

## III. PARTIES

7. Plaintiff, Jerome A. David, is a citizen of the United States and a resident of Portland, Multnomah County, Oregon. At all times relevant to the initial acts of retaliation, Plaintiff was incarcerated at the Jackie Brannon Correctional Center (JBCC) located at 900 N. West St. in McAlester, Oklahoma 74502.

8. Defendant 1 Jim Farris was at all relevant times, the Warden of the Jackie Brannon Correctional Center (JBCC) and acted under color of state law. Defendant is sued in their individual and official capacities.

9. Defendant 2 [OKLAHOMA OFFICIAL 2] (Correctional Officer) was, at all relevant times the [Correctional Officer] at the Jackie Brannon Correctional Center (JBCC) and acted under color of state law. Defendants is sued in their individual and official capacities.

10. Defendant [PORTLAND ACTOR 1] is a resident of Portland, Oregon. At all relevant times, Defendant acted under color of state law by willfully participating in a joint action and conspiracy with state officials from Oklahoma to deprive me/Plaintiff of my constitutional rights. Defendant is sued in their individual capacity.

11. Defendant [PORTLAND ACTOR 2] is a resident of Portland, Oregon. At all relevant times, Defendant acted under color of state law by willfully participating in a joint action and conspiracy with state officials from Oklahoma to deprive me/Plaintiff of my constitutional rights. Defendant is sued in their individual capacity.

12. Defendant 4 April (LNU) is employed for the Behavioral Health Resource Center (BHRC) as a program manager in Portland, Oregon. She is being sued in her individual capacity. At all times relevant, this Defendant acted under color of state law by willfully participating in a joint action and conspiracy with Defendant former employers at BHRC to deprive me/Plaintiff of my constitutional rights

13. Defendants JOHN and JANE DOES 8-18 are individuals whose identities are not yet known to Plaintiff but who participated in the acts described herein. **Plaintiff will seek to amend this Complaint to add true names and capacities once they are identified through discovery.**

## FACTUAL ALLEGATIONS

### A. Protected Activity While Incarcerated in Oklahoma

14. On or about March of 2022 until about October of 2022, Plaintiff was incarcerated at the Jackie Brannon Correctional Center (JBCC).

15. During this time, Plaintiff exercised his First Amendment right to petition the court for redress of grievances. This protected activity included, but was not limited to:

  a. Pending federal civil lawsuits: On or about November of 2020 I filed a lawsuit in the District Court for the Western District of Oklahoma (Case No. CIV-21-534-SLP) alleging conditions of confinement and retaliation;
  Pending federal civil lawsuit: On or about November of 2023, I filed a lawsuit in the District Court for the Eastern District of Oklahoma (Case No. CIV-23-405-RAW-JAR) alleging ongoing retaliation; and conditions of confinement;
  Pending federal civil lawsuit: On or about April of 2025, I filed a third (3rd) lawsuit in the District Court for the Northern District of Oklahoma (Case No. CIV-25-0669) alleging ongoing retaliation.

  b. Filing of grievances: On or about October of 2022 I filed an administrative Request to Staff/grievance (Request to Staff No. 22-774; or RTS# 22-775; or RTS# 22-776, RTS# 22-777) about being exposed to extremes amount of second-hand smoke and prison officials' failure to do anything to prevent it even though they were aware of the smokers; and

  c. On or about March of 2025 while housed at the Northeast Oklahoma Correctional Center located at 442606 E. 250 Rd. in Vinita, Oklahoma me and another law clerk was helping each other (providing legal assistance) regarding filing Request to Staff/grievances pertaining to retaliation by staff at (NOCCC) and the filing of my lawsuit (§ 1983) in the Northern District Courthouse (CIV-25-0669).

## B. Retaliation by Oklahoma Prison Officials

16. As a direct and proximate result of my/Plaintiffs protected petitioning activity, [OKLAHOMA OFFICIAL 1] and [OKLAHOMA OFFICIAL 2] took adverse actions against me with the intent to punish me to chill future protected activity.

These adverse actions included, but was not limited to:

a. Leaking information from my Request to Staff (RTS# 22-775, or RTS# 22-776, or RTS# 22-777) to gangs and inmates with the intent to cause me harm. On or about October of 2022 two or three days after I submitted the RTS I was approached by some gang-members and inmates and threatened with violence about the content of my RTS I submitted. One inmate asked me why did I submit A RTS to Chief of security about smoking in the pod? I was then called a "snitch" and all my belongings were carried and thrown out by the gang members, then I was threaten with violence if I did not leave the pod/yard meaning the JBCC.

b. On or about October of 2022, about 5 minutes after I was kicked off B-unit by the gangs/inmates, Defendant lieutenant (FNU), (LNU) ordered me/Plaintiff to be placed in administrative segregation until further notice under pretextual reasons;

c. On or about October of 2022, about five (5) days upon being in segregation Defendant Joanna Boettler issued a false disciplinary report against me for "failure to cooperate with an investigation", resulting in 20 days loss of phone and commissary privileges;

d. On this same day about twenty minutes later of October of 2022, Defendant B. Brown (FNU) issued a false disciplinary report against me for "refusing housing", resulting in more sanctions and loss of privileges;

e. Within minutes after receiving two (2) false disciplinary reports Defendant Angela Cacey did an Assessment review and recommended me to be transferred to a higher security prison, with the approval of Warden Jim Farris.

f.   Throughout November of 2023, Oklahoma Defendants subjected me to interference from other prison officials, in filing and appealing my grievances, interference with my outgoing and incoming legal mail, termination from my job(s) at Basden Steel Inc. and Viking packing specialist, denial of access to facilities law library, denial access to government funded programs Career Tech Commercial Driving License (CDL) school, denial of monthly gang pay for over a year, intimidation of threats by housing me on pods/units with Security Threat Group (STG) inmates (STG inmates is where some of the most violent and dangerous inmates/gangs in the Oklahoma Department of Corrections (ODOC)) are housed and separated from inmates in general population due to their known violent conduct or influence of violent conduct towards inmates and staff)),

## C.   Relocation to Oregon and Continuance of Retaliation

17. In March of 2026, I/Plaintiff was released from the Oklahoma Department of Corrections (ODOC), while in Oklahoma city my phone was hacked and upon information and belief, some Mexican gangs hacked my phone and was making death threats towards me based on the information leaked to gangs from staff leaking out information from my Request to Staff, however, do to fear of threats of being murdered if I continued to stay in Oklahoma, I left Oklahoma City booking a greyhound ticket for Seattle Washington, but I exited the bus route in Portland, Oregon hoping to hide my location from gang/people seeking to harm me.

18. Upon information and belief, Defendants [OKLAHOMA OFFICIAL 1] and [OKLAHOMA OFFICIAL 2] continued their retaliatory campaign against me/Plaintiff after my release from prison by communicating and enlisting the aid of individuals in Oregon, including Defendants [PORTLAND ACTOR 1] and [PORTLAND ACTOR 2].

19. The Portland-based Defendants, acting under color of state law by agreement and in concert with the Oklahoma Defendants, engaged in further adverse action against me/Plaintiff. The purpose of these actions was to continue punishing me for my lawsuits I filed in Oklahoma.

20. These ongoing retaliatory acts in Oregon included, but are not limited to:

a. On or about April of 2026, Defendant [PORTLAND ACTOR 1] conducted unauthorized surveillance of my location, causing me/Plaintiff to fear for my life and safety.

b. On or about July of 2026, Defendant [PORTLAND ACTOR 2] contacted my employer [Chuck], and made false defamatory statements about my litigation history, resulting in adverse employment action.

c. Between April of 2026 and the present, Defendants have engaged in a pattern of harassment, including concerting with private citizens to commit acts of threats of murder and violence towards me several times a day, and to follow me everywhere I go and to commit threats of violence towards me,

d. On or about May of 2026, Defendants [PORTLAND ACTOR 1 or 2], interfered with Plaintiff's housing by contacting several shelters (City Team, Urban Alchemy, Transition Projects (TPI), Behavioral Health Resource Center (BHRC), where I attempted to try to maintain permitted shelter and housing through their programs and vouchers but was repeatedly denied, which was based on false information provided by or at the hands of Oklahoma Defendants.

21. Each of the adverse actions described above was motivated, in whole or in substantial part, by my/Plaintiff's exercise of my constitutional protected rights. The actions were of a nature that would chill or silence a person of ordinary firmness from continuing to engage in such activity.

## CAUSES OF ACTION

### COUNT ONE First Amendment Retaliation (42 U.S.C. § 1983)

22. Plaintiff incorporates by reference all preceding paragraphs.

23. The First Amendment to the U.S Constitution, applicable to the States through the Fourteenth Amendment, protects the right to free speech and the right to petition the government for redress of grievances, which includes the right of access to the courts.

24. Plaintiff engaged in constitutional protected activity by filing lawsuits and grievances.

25. In response, Defendants, acting under color of state law, subjected me/Plaintiff to a series of adverse actions, both during my incarceration and continuing after my release in Oregon.

26. There is a direct casual connection between my/Plaintiff's protected activity and Defendants' adverse actions. Defendants' conduct was substantially motivated by a desire to retaliate against me/Plaintiff.

27. Defendants' actions have caused and continue to cause me/Plaintiff injury, including emotional distress, economic loss, and the chilling of my constitutional rights.

### COUNT TWO Conspiracy to Deprive Constitutional Rights (42 U.S.C § 1983)

28. Plaintiff incorporates by reference all preceding paragraphs.

29. Defendants reached an agreement or meeting of the minds amongst themselves to retaliate against me/Plaintiff for my protected First Amendment activity and to deprive me of my constitutional rights.

30. The Oklahoma Defendants and Portland Defendants willfully participated as joint actors, acting in concert to accomplish the common plan of ongoing retaliation. The Portland Defendants although private citizens, acted under color of state law by virtue of their conspiracy and joint actions with state officials.

31. In furtherance of this conspiracy, Defendants committed the overt acts described in the factual allegations described above.

32. As a direct and proximate result of the conspiracy, Plaintiff was deprived of my constitutional rights and suffered damages.

## COUNT THREE Declaratory and Injunctive Relief (28 U.S.C. § 2201, et. Seq)

33. Plaintiff incorporates by reference all preceding paragraph

34. An actual and continuing controversy exists between Plaintiff and Defendants' unlawful retaliation.

35. Plaintiff is suffering and continue to suffer irreparable harm for which there is no adequate remedy at law unless Defendants are enjoined from continuing their retaliatory conduct.

36. Plaintiff is entitled to a Judicial declaration that Defendants action violate my rights under the First and Fourteenth Amendment.

37. Plaintiff is further entitled to a permanent injunction prohibiting Defendants, their agents, and all persons acting in concert with them from engaging in any further acts of harassment, intimidation, surveillance, or any other form of retaliation against me/Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in my favor and against Defendants, and grant following relief:

A. A declaration that Defendants' conduct violates Plaintiff's rights under the First and Fourteenth Amendments;

B. A permanent injunction enjoining Defendants, their officers, agents, employers, and all persons acting in concert with them, from further retaliating against me/Plaintiff;

C. An award of compensatory damages in an amount to be determined at trial;

D. An award of nominal damages;

E. An award of punitive damages against each Defendant in their individual capacity in an amount to be determined at trial;

F. An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

G. Any other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: 08/06/2026

Respectfully Submitted,

**Jerome A. David, Pro se**

**Mailing address: 333 S.W Parks**

**Portland, Oregon 97205**

**Phone# 971-513-7883**

Email address: jjdalove4@gmail.com

/S/ Jerome David