IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEROME ADRIAN DAVID,

Plaintiff,

v.

OKLAHOMA OFFICIAL 1; OKLAHOMA OFFICIAL 2; OKLAHOMA OFFICIAL 3; PORTLAND ACTOR 4; PORTLAND ACTOR 5; and JOHN and JANE DOES,

Defendants.

Case No. 3:26-cv-01647-JR

ORDER

**BAGGIO, District Judge:**

Plaintiff Jerome Adrian David moves for a temporary restraining order (TRO) and/or preliminary injunction (PI) enjoining Defendants from interfering with Plaintiff's ability to prepare and file court documents on a public computer at the Central Library and ordering the Central Library to take reasonable measures to protect Plaintiff's ability to use library computers to prepare court documents. Pl.'s Mot. 8, ECF No. 16. Plaintiff asserts that "unknown individuals have gained access to the Central Library's computer systems and are remotely accessing,

hacking into, or otherwise interfering with [Plaintiff's] USB drive, causing [Plaintiff's] court documents to be deleted, erased, or moved." David Decl. ¶ 8, ECF No. 17. Plaintiff argues he will suffer irreparable harm in the absence of injunctive relief because the deadline for Plaintiff to move for leave to file an amended complaint is November 27, 2026. *See* TRO 5; *see also* Order 7, ECF No. 14. The deadline for Plaintiff to move for leave to file an amended complaint, however, was recently reset by Magistrate Judge Russo to January 26, 2027. Order, ECF No. 18. The Court thus finds Plaintiff is not likely to suffer irreparable harm in the absence of preliminary relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief . . . ."); *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that a court's analysis of a TRO and PI is "substantially identical"). Plaintiff has not shown that his harm "is immediate, rather than remote or speculative." *Or. Firearms Fed'n, Inc. v. Brown*, 644 F. Supp. 3d 782, 810 (D. Or. 2022). Accordingly, the Court denies Plaintiff's Motion.

**CONCLUSION**

Because Plaintiff has not shown he is likely to suffer irreparable harm in the absence of preliminary relief, one of the four essential requirements of a TRO and PI, the Court DENIES Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction [16].

IT IS SO ORDERED.

DATED this 16th day of November, 2026.

AMY M. BAGGIO
United States District Judge